IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| DALE FOSTER, DARLA SOLOMON )<br>and DAVID LEITHREN, individually and )<br>on behalf of all others similarly situated, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>LOWER, LLC, )<br> )<br>Defendant. )<br>_____) | Civil Action No. 1:22-CV-1581 (GLR) |
| EDGAR WOLFF, individually and )<br>on behalf of all others similarly situated, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>LOWER, LLC, )<br> )<br>Defendant. )<br>_____) | Civil Action No. 1:22-cv-02003 (JKB) |

## FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Dale Foster, Darla Solomon, David Leithren, and Edgar Wolff (hereinafter "Class Representatives") and Defendant Lower, LLC ("Defendant" or "Lower"), as fair, reasonable and adequate, awarding attorneys' fees and expenses to Class Counsel as outlined herein, and awarding service awards to Plaintiffs as detailed below.

1

Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees, expenses, and service awards to the Plaintiff, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on July 27, 2023, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the classes and class claims, appointing Plaintiffs Dale Foster, Darla Solomon, David Leithren, and Edgar Wolff as Settlement Class Representatives, and appointing as Settlement Class Counsel David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; and and Raina C. Borrelli of Turke & Strauss LLP; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** on September 11, 2023, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS,** on December 1, 2023, at 10:30 a.m., the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the

2

Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of Service Awards to the Class Representatives;

**WHEREAS,** the Court is not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court is being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3

2.    The Settlement involves allegations in Plaintiffs' Complaint and Jury Demand against Defendant for failure to implement or maintain adequate data security measures for the sensitive information of current and former consumers, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.    The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.    Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.    The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All persons who were sent a notice of the Data Incident by Lower, LLC identifying them as individuals potentially affected by the Data Incident.

6.    The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of

the settlement terms in that Agreement, for:

      A.      Defendant to institute a Settlement Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Claims and Settlement Administrator mutually agreed upon by Settlement Class Counsel and Defendant.

      B.      Defendant to pay all costs of Claims Administration and Settlement Administration, including the cost of the Claims and Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

      C.      Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Settlement Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to

the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the

Preliminary Approval Order (*Foster*, ECF No. 42) and notes that because this certification

of the Settlement Class is in connection with the Settlement Agreement rather than

litigation, the Court need not address any issues of manageability that may be presented by

certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby

approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement,

the rights of Settlement Class Members under the Settlement, Final Approval Hearing, the

application for attorneys' fees and costs and expenses, and the proposed service award

payments to the Class Representatives have been provided to Settlement Class Members

as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that such Notice as therein ordered, was the best possible notice practicable

under the circumstances and constitutes valid, due, and sufficient notice to all Settlement

Class Members in compliance with the requirements of Federal Rule of Civil

Procedure 23(c)(2)(B).

10.    The Court finds that Defendant has fully complied with the notice requirements of the Class

Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.    The Court has considered all the documents filed in support of the Settlement, and has fully

considered all matters raised, all exhibits and affidavits filed, all evidence received at the

final hearing, all other papers and documents comprising the record herein, and all oral

arguments presented to the Court.

12.    The parties, their respective attorneys, and the Claims Administrator are hereby directed to

consummate the settlement in accordance with this Order and the terms of the Settlement

Agreement.

13.    Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class

Counsel shall implement the settlement in the manner and time frame as set forth therein.

14.    Within the time period set forth in the Settlement Agreement, the relief provided for in the

Settlement Agreement shall be made available to the various Settlement Class Members

submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement

Agreement.

15.    Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the

Settlement Class Members release claims as follows:

> Upon the Effective Date, Defendant and its representatives, officers, agents,
> directors, principals, affiliates, employees, insurers, and attorneys shall be
> deemed to have released, acquitted, and forever discharged the Settlement
> Class Representatives and Class Counsel from any and all claims or causes
> of action of every kind and description, including any causes of action in
> law, claims in equity, complaints, suits or petitions, and any allegations of
> wrongdoing, demands for legal, equitable or administrative relief
> (including, but not limited to, any claims for injunction, rescission,

reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

Released Claims does not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Class Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

16. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Class Representatives in the total amount of $2,500 each, for a total of $10,000, as a service award for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

17. The Court affirms the appointment of David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; and Raina C. Borrelli of Turke & Strauss LLP as Settlement Class Counsel, and finds that they have adequately represented the interests of the Settlement Class.

18. The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for combined attorneys' fees and expenses in the amount of $485,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

19.    This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action.  This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein).  The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment.  The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

8

20.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any

reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall

be deemed vacated and shall have no force and effect whatsoever; the Settlement

Agreement shall be considered null and void; all of the Parties' obligations under the

Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and

Judgment and the terms and provisions of the Settlement Agreement shall have no further

force and effect with respect to the Parties and shall not be used in the Litigation or in any

other proceeding for any purpose, and any judgment or order entered by the Court in

accordance with the terms of the Settlement Agreement shall be treated as vacated nunc

pro tunc, and the Parties shall be restored to their respective positions in the Litigation, as

if the Parties had never entered into the Settlement Agreement (without prejudice to the

Parties' respective positions on the issue of class certification or any other issue). Further,

in such event, the Parties will jointly request that all scheduled Litigation deadlines be

reasonably extended by the Court, so as to avoid prejudice to either Party or Party's

counsel.

21.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to

issue any order necessary to protect its jurisdiction from any action, whether in state or

federal court.

22.     Without affecting the finality of this Final Approval Order and Judgment, the Court will

retain jurisdiction over the subject matter and the Parties with respect to the interpretation

and implementation of the Settlement Agreement for all purposes.

23.     This Order resolves all claims asserted in this action and is a final order.

24.      The matter is hereby dismissed with prejudice and without costs except as provided in the

Settlement Agreement.


Dated: ___12/1/2023___                            _____

**HONORABLE GEORGE L. RUSSELL, III**
**UNITED STATES DISTRICT JUDGE**